UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FRANK J. ONIATE, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-6431** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** | **SECTION "L" (5)** |

## ORDER & REASONS

Before the Court is Plaintiff's Motion to Remand. R. Doc. 6. Having reviewed the parties' briefs and the applicable law, the Court now issues this Order & Reasons.

### I.     BACKGROUND

This case arises from an automobile accident. On December 25, 2013, Plaintiff, Frank Oniate, was operating his 2002 Mercedes CLK in Chalmette, Louisiana. R. Doc. 6-1 at 1. While stopped at a red light, Oniate was struck by a 2001 Dodge Durango owned and operated by Michael Derouen. R. Doc. 6-1 at 1.

Defendant State Farm provided Uninsured/Underinsured ("UM") medical payment coverage to Oniate at the time of the accident. State Farm received notice of Oniate's claim of injury on January 13, 2014. Throughout treatment for his injuries, Oniate forwarded to State Farm medical expenses, medical records, operative reports, and other memoranda of Oniate's expenses and medical records. R. Doc. 6-1 at 2. During the next several months, State Farm received numerous copies of medical bills from Oniate. R. Doc. 6-1 at 3. On August 28, 2014, State Farm received a final medical bill totaling $28,807.60. R. Doc. 6-1 at 3.

Oniate filed suit on June 20, 2015, against State Farm in Louisiana state court. R. Doc. 1-2 at 3. Oniate alleged that State Farm was liable for a "sum in excess of Fifty Thousand

Dollars . . . ." R. Doc. 1-2 at 3. On July 9, 2015, Oniate sent State Farm a letter advising State Farm that Oniate had incurred $40,106.60 in medical expenses. The letter requested a check for $36,116.60 in compensation, as State Farm had only paid $3,990.00 in medical expenses at that time.

State Farm sent Interrogatories and Requests for Production of Documents to Oniate on July 28, 2015. Oniate served his discovery responses on State Farm on November 4, 2015. R. Docs. 1-3, 1-4, 1-5). The discovery responses included Plaintiff's Answers to Interrogatories, which itemized Plaintiff's damages as $313,556.60. R. Doc. 1-3 at 4.

State Farm filed its Notice of Removal from state court on December 2, 2015, alleging diversity jurisdiction. R. Doc. 1.

## II.     PRESENT MOTION

Plaintiff Oniate filed the present Motion to Remand. R. Doc. 6. Oniate asks this Court to remand the present action to state court on the grounds that State Farm's removal was untimely. R. Doc. 6-1 at 5–6. Diversity and amount in controversy are not disputed. The parties only contest when the suit became removable.

### a. Oniate's Motion to Remand

After summarizing Oniate's efforts to inform State Farm of his medical expenses prior to the commencement of this case, Oniate claims that State Farm's removal was untimely because "it [was] apparent that Oniate's claims [were] likely above $75,0000" at the time of Oniate's filing. R. Doc. 6-1 at 5. Oniate cites cases from Louisiana state courts and the Fifth Circuit which hold that plaintiffs with injuries similar to Oniate have recovered as much as $400,000 in general damages. R. Doc. 6-1 at 4-5. Relying on this case law, Oniate argues that State Farm was aware in August, 2014, that Oniate's injuries exceeded $75,000. State Farm's alleged

awareness stems from the knowledge that Oniate's final medical bills exceeded $38,000.00. R. Doc. 6-1 at 5. According to Oniate, this knowledge alone constitutes sufficient notice to render State Farm's motion to remove untimely. R. Doc. 6-1 at 6. Oniate argues in the alternative that State Farm was placed on notice of the $75,000 amount in controversy by the face of the state court pleadings, interrogatories, document production requests, and updated medical expense totaling $40,106.40. R. Doc. 6-1 at 5–6. The date of each of these communications allegedly renders State Farm's December 2, 2015, removal untimely.

### b. State Farm's Opposition

State Farm opposes the motion to remand. R. Doc. 9. State Farm contends that diversity removal was proper because all the provisions of 28 U.S.C. § 1332 and 28 U.S.C. § 1441 are satisfied. R. Doc. 9 at 2.

Regarding the timeliness of State Farm's Notice of Removal, State Farm points to 28 U.S.C. § 1446(b)(3), and writes that State Farm was required to file a notice of removal within thirty days after the receipt of "other paper" which indicated that the case was removable. R. Doc. 9 at 3. The "other paper" identified by State Farm is Plaintiff's November 4, 2015, Answers to Interrogatories, which itemized Plaintiff's damages as $313,556.60. R. Doc. 1-3 at 4. Using this date, State Farm contends that their December 2, 2015 removal was within the thirty-day removal deadline of 28 U.S.C. § 1446(b)(1). State Farm argues in turn that none of Oniate's prior communications with State Farm were legally sufficient to trigger the thirty-day removal timeline. R. Doc. 9 at 4.

State Farm cites legal precedent from the Fifth Circuit in support of its position. R. Doc. 9 at 4- 7. The cited precedent indicates that the thirty-day time period for removal only runs from the defendant's initial receipt of the pleading if the initial pleading explicitly alleges

damages in excess of the federal jurisdictional amount. R. Doc. 9 at 5 (citing *Chapman v. Powermatic*, 969 F.2d 160, 163 (5th Cir. 1992). State Farm also argues that the Fifth Circuit has rejected an argument that a defendant can be deemed on notice of a jurisdictional amount due to a general knowledge of quantum in similar cases. R. Doc. 9 at 6 (citing *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 210 (5th Cir. 2002). State Farm takes the position that these cases support a finding that State Farm's removal deadline began on November 4, 2015, because that was the date when State Farm "unequivocally realized" that the $75,000 jurisdictional limit was met. R. Doc. 9 at 6-7.

### III. LAW AND ANALYSIS

#### a. Applicable Law

A defendant in state court may remove any civil case that originally could have been filed in federal court. 28 U.S.C. § 1441(a). A civil case qualifies for direct filing in federal court if there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

Section 1446 places two separate thirty-day filing deadlines on a notice of removal. The Fifth Circuit interprets this provision as a two-step test when analyzing the timeliness of removal. *See Brown v.* Richard, No. 00-1982, 20000 WL 1653835, at *4 (E.D. La. Nov. 2000) (citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992). A court must first determine whether the case was removable as initially filed. § 1446(b)(1). Section 1446(b)(1) provides that:

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if

> such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If not, the court must then evaluate whether the case became removable at a later time. Section 1446(b)(3) provides that:

> [e]xcept as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Therefore, the discovery that a case is removable activates the thirty-day deadline for removal even if a case was not originally removable.

A case is originally removable on the basis of jurisdictional amount if the "pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992). The Fifth Circuit recently revisited this holding in *Mumfrey v. CVS Pharmacy, Inc.* 719 F.3d 293, 400 (5th Cir. 2013). Reviewing the rule announced in *Chapman* and some expansive language in *Bosky v. Kroger Texas, LP*, 288 F.3d 208 (5th Cir. 2002), which had "[become] the source of significant confusion," the Fifth Circuit reaffirmed the *Chapman* rule. *Mumfrey*, 719 F.3d at 400. "[T]he thirty-day clock is not triggered unless the initial pleading 'affirmatively reveals on its face' that the plaintiffs sought damages exceeding the jurisdictional amount." *Id.* (quoting *Chapman*, 969 F.2d at 163); *cf. S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996) ("[T]he defendant's subjective knowledge cannot convert a case into a removable action.").

A case that is not originally removable can become removable by defendant's receipt of "other paper," § 1446(b)(3), if the "other paper" is "unequivocally clear and certain" regarding

5

the information supporting removal. *Bosky*, 288 F.3d at 211. "[O]ther paper" must also be "received by a defendant only after that defendant has received the initial pleading." *Chapman*, 959 F.2d at 164. If a case is originally not removable for reasons concerning amount in controversy, responses to discovery are considered "other paper." § 1446(c)(3).

    **b. Discussion**

State Farm's removal in this case is only timely if: (1) the timing provision of 28 U.S.C. § 1446(b)(1) was not triggered by Oniate's initial pleading; and (2) if the timing provision of § 1446(b)(3) was triggered on or after November 4, 2015.

        i. Section 1446(b)(1) and Oniate's Complaint

Oniate's complaint did not trigger the timing provisions of § 1446(b)(1), because the pleading did not affirmatively reveal on its face that Oniate sought damages in excess of $75,000. In the Fifth Circuit, the initial pleading can only trigger the thirty-day removal time period if the "pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992). Oniate's state court complaint sought "a sum in excess of Fifty Thousand Dollars and No Cents," interest, and costs. R. Doc. 1-2 at 4. Fifty thousand dollars falls short of the jurisdictional minimum for diversity jurisdiction, and may only suggest an intent to secure a jury trial in state court. 28 U.S.C. § 1332(a). And Oniate's reference to general and special damages for "pain and suffering, mental anguish and distress, medical expenses, disability, and loss of enjoyment of life," is insufficiently specific in quantum to trigger the remand timer. R. Doc. 1-2 at 4. Oniate therefore failed to include in his pleading "a specific allegation that damages are in excess of the federal jurisdictional amount," and his claim fails. *Chapman*, 969 F.2d at 163.

Oniate's cited cases regarding damage awards for similarly situated plaintiffs are unavailing. R. Doc. 6-1 at 4-5. The *Chapman* inquiry focuses on the objective text of the pleading itself, and not the defendant's subjective knowledge of the claim. *Chapman*, 959 F.2d at 163 ("We adopt this rule because we conclude that it promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know."); *see also Mumfrey*, 719 F.3d at 400 ("[T]here seems to be no Fifth Circuit case since *Chapman* that calls into question its bright line rule for timeliness disputes."); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996) ("[T]he defendant's subjective knowledge cannot convert a case into a removable action."). The state court cases cited by Oniate speak to State Farm's subjective knowledge of the potential amount in controversy, and hence cannot affect whether Oniate's pleading triggered the removal timer pursuant to *Chapman*.

ii. Section 1446(b)(3) and Plaintiff's Answer to Interrogatories

State Farm's removal was timely under § 1446(b)(3), because State Farm's December 2, 2015, Notice of Removal was filed within thirty days of State Farm's November 4, 2015, receipt of "other paper" which triggered the thirty-day removal period. "Other paper" can trigger the thirty-day timer of § 1446(b)(3) if it is received after the initial complaint and is "unequivocally clear and certain" regarding the information supporting removal. *Bosky*, 288 F.3d at 211. Answers to interrogatories can qualify as "other paper." § 1446(c)(3). State Farm did not receive "unequivocally clear and certain" notice that Oniate claimed more than $75,000 until November 4, 2015, when Oniate itemized damages at $313,556.60 in his Answers to Interrogatories. R. Doc. 1-3 at 4. State Farm's December 2, 2015, Notice of Removal fits within the resulting thirty-day time period, and is therefore timely.

Oniate's efforts to keep State Farm appraised of Oniate's medical expenses prior to November 4, 2015, do not qualify as "other paper" which could trigger the removal provision. § 1446(b)(3). *Chapman* holds that an "other paper" must be "received by a defendant only after that defendant has received the initial pleading." *Chapman*, 959 F.2d at 164; *see also George v. Wal-Mart Louisiana, L.L.C.*, 2007 U.S. Dist. LEXIS 4721 at*7 (W.D. 2007) (ruling that a communication was not "other paper" because the communication occurred prior to the initial pleading). While Oniate began sending medical records to State Farm approximately fifteen months prior to the filing of the Motion to Remand, *Chapman* dictates a finding that none of the medical bills or records sent to State Farm prior to the July 10, 2015, filing of Oniate's initial pleading qualify as "other paper." And the record contains no evidence of papers sent by Oniate to State Farm after July 10, 2015, which could render a December 2, 2015, removal untimely. Therefore, Oniate's argument is unavailing.

### IV.   CONCLUSION

For the aforementioned reasons, **IT IS ORDERED** that Plaintiff's Motion to Remand, R. Doc. 6, is hereby **DENIED**.

New Orleans, Louisiana, this 20th day of January, 2016.

                                              _____
                                              UNITED STATES DISTRICT JUDGE